UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ADISLEN PAZ DEL SOL,

Plaintiff,

vs.

HOMESTEAD HOSPITAL, INC.,
BAPTIST HEALTH SOUTH FLORIDA,
INC., PARAGON CONTRACTING
SERVICES, LLC, d/b/a TEAMHEALTH
FLORIDA, and HEALTHCARE REVENUE
RECOVERY GROUP, LLC, d/b/a
HRRG, ARS ACCOUNT RESOLUTION
SERVICES,

Defendants.
_____/

## **COMPLAINT**

1.      Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Plaintiff ADISLEN PAZ DEL SOL (hereinafter "Plaintiff") sues Defendant HOMESTEAD HOSPITAL, INC., Defendant BAPTIST HEALTH SOUTH FLORIDA, INC., PARAGON CONTRACTING SERVICES, LLC, d/b/a TEAMHEALTH FLORIDA, and Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a HRRG, ARS ACCOUNT RESOLUTION SERVICES (collectively the "Defendants") for violations of Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. §559.55 et seq.

1

## LEGAL STANDARD

2. The characterization of the FDCPA as a strict liability statute is generally accepted. *See, e.g., LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir. 2010)*. Pursuant to Florida Statute §559.55(2), ("FCCPA"), "nothing in this part shall be continued to limit or restrict the applicability of the Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer shall prevail."

## JURISDICTION

3. Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA"). Under 28 U.S.C. 1367(a), this Court has supplemental jurisdiction over Plaintiff's stated FCCPA claims in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. This action arises out of Defendants' violations of the FDCPA and FCCPA, in their illegal efforts to collect a consumer debt from Plaintiff.

5. Venue is proper in this District because the acts and transactions complained of occurred here, Plaintiff resides here, all of the Defendants transact and/or conduct business here, and all of the Defendants illegally attempted to collect a debt from Plaintiff within this venue.

PARTIES

6. Plaintiff, ADISLEN PAZ DEL SOL, is a natural person who resides in the City of Homestead, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant HEALTHCARE REVENUE RECOVERY GROUP, LLC d/b/a HRRG, ARS ACCOUNT RESOLUTION SERVICES (hereinafter "HRRG/ARS," respectively) is a collection agency operating from an address of 1643 North Harrison Parkway, Building H, Suite 100, Sunrise, Florida 33323, is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is a Florida limited liability company organized under the laws of the State of Florida.

8. Defendant HRRG/ARS engages in interstate commerce by regularly using telephone and mail in its business, the principal purpose of which is the collection of debts. Defendant HRRG/ARS regularly collects or attempts to collect debts for other parties in the State of Florida. In this case, HRRG/ARS attempted to collect debt from the Plaintiff in Miami-Dade County, Florida, giving rise to this action. HRRG/ARS is authorized to and conducts business in the state of Florida and Miami-Dade County, Florida, where the Plaintiff resides.

9. HRRG/ARS is a "debt collector" as defined in the FDCPA and FCCPA, under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

10. At all material times, Defendant HRRG/ARS was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

11. Defendant BAPTIST HEALTH SOUTH FLORIDA, INC. (hereinafter "BAPTIST"), is a Florida Not for Profit Corporation, with its principal place of business located in 6855 Red Road, Suite 600, Coral Gables, Florida 33143. BAPTIST is authorized to and conducts business in the state of Florida and Miami-Dade County, Florida, where Plaintiff resides. Defendant BAPTIST is a "creditor" as that term is defined by the FCCPA.

12. Defendant BAPTIST conducts/transacts business within the State of Florida. It is a healthcare organization and clinical care network in Miami-Dade, Broward, and Palm Beach counties. It consists of a network of hospitals and outpatient facilities. It provides hospital, emergency services, and other medical services. Defendant BAPTIST'S website is https://www.baptisthealth.net.

13. Defendant HOMESTEAD HOSPITAL, INC. (hereinafter "HOMESTEAD") is a Florida Not for Profit Corporation with its principal place of business located in 975 Baptist Way, Homestead, Florida 33033. HOMESTEAD is a hospital that provides hospital, emergency services, and other medical services. HOMESTEAD is authorized to and conducts business in the state of Florida and Miami-Dade County, Florida, where Plaintiff resides. Defendant HOMESTEAD is a "creditor" as that term is defined by the FCCPA.

14. Defendant PARAGON CONTRACTING SERVICES, LLC, d/b/a TEAMHEALTH FLORIDA, (hereinafter "PARAGON," respectively) is a medical group which provides medical services to patients at Homestead Hospital. It operates from an address of 1643 NW 136th Avenue, Building H, Suite 100, Sunrise, Florida 33323, is a "creditor" as that term is defined by FCCPA, and is a Florida limited liability company organized under the laws of the State of Florida. Defendant PARAGON is authorized to and conducts business in the State of Florida and Miami-Dade County, Florida, where Plaintiff resides.

15. At all relevant times, Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON acted through their respective duly authorized agents, employees, officers, directors, members heirs assigns, successors, principals, trustees, sureties, subrogees, representatives, and insurers.

16. At all relevant times, Defendant BAPTIST and Defendant HOMESTEAD were creditors attempting to collect an alleged debt for emergency services which Plaintiff sought at Homestead Hospital on June 8, 2021.

17. At all relevant times, Defendant HRRG/ARS sought to collect a consumer debt on behalf of Defendant PARAGON for physician services provided to Plaintiff during said emergency room visit at Homestead Hospital. At all relevant times, Defendant PARAGON was the creditor of the debt that Defendant HRRG/ARS sought to collect from the Plaintiff.

## FACTUAL ALLEGATIONS

18. On or about June 8, 2021, Plaintiff suffered an accident and related injuries in the course of scope of his employment that required medical treatment and services (hereinafter "medical services"). Plaintiff sought emergency medical services at Defendant HOMESTEAD.

19. Plaintiff HOMESTEAD provided a portion of the medical services relative to Plaintiff's injuries stemming from her work accident.

20. During the time Defendant HOMESTEAD provided emergency medical services to the Plaintiff, Plaintiff informed Defendant HOMESTEAD that the injuries for which she required medical attention, treatment, and/or services (medical services) stemmed from a work accident and subsequent injuries that occurred within the course and scope of Plaintiff's employment. In fact, the records from HOMESTEAD reflect that Plaintiff sought care for a work accident. A copy of relevant portion of said records is attached hereto as Exhibit A.

21. On or about June 20, 2021, July 4, 2021, and July 23, 2021, Defendants BAPTIST and HOMESTEAD jointly sent collection letters to Plaintiff (hereinafter "BAPTIST and HOMESTEAD Collection Letters") in attempts to collect a consumer debt. Said letters indicated that the amount owed by Plaintiff for treatment at the Emergency Department of HOMESTEAD was $2,915.00. A copy of said Collection Letters are attached hereto as Composite Exhibit B.

22. The BAPTIST and HOMESTEAD Collection Letters each independently constitute communication from the Defendants BAPTIST and HOMESTEAD to Plaintiff in connection with the collection of a debt.

23. The BAPTIST and HOMESTEAD Collection Letters represent actions to attempt to collect a debt by Defendant BAPTIST and by Defendant HOMESTEAD.

24. On or about July 2021, July 6, 2021, and September 4, 2021, Defendant PARAGON sent collection letters to Plaintiff (hereinafter "PARAGON Collection Letters") in attempts to collect a consumer debt. Said letters indicated that the bill was for physician services provided at the emergency department of Homestead Hospital for date of service of June 8, 2021 and requested payment for bill in the amount of $1,199. A copy of said Collection Letters are attached hereto as Composite Exhibit C.

25. On or about April 5, 2022, Defendant HRRG/ARS sent a collection letter to Plaintiff (hereinafter "HRRG/ARS Collection Letter #1") in an attempt to collect a consumer debt. Said letter indicated that PARAGON hired HRRG to collect the balance of $1,199.00, and it stated "Final Notice," with service date of June 8, 2021. A copy of said Collection Letter is attached hereto as Exhibit D.

26. On or about August 3, 2022, Defendant HRRG/ARS sent another collection letter to Plaintiff (hereinafter "HRRG/ARS Collection Letter #2") in an attempt to collect a consumer debt. Said letter advised Plaintiff that HRRG/ARS was trying to collect a debt owed to PARAGON and continued billing the Plaintiff $1,199.00. A copy of said Collection Letter is attached hereto as Exhibit E.

27. The HRRG/ARS Collection Letters are communications from the Defendant HRRG/ARS to Plaintiff in connection with the collection of a debt on behalf of creditor PARAGON.

28. The HRRG Collection Letters represent actions to attempt to collect a debt by Defendant HRRG/ARS on behalf of Defendant PARAGON.

## SUMMARY

29. All the above-described collection communications made to Plaintiff by Defendant HRRG/ARS, and its collection employees, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e(2), 1692e(10), and 1692f(1), amongst others.

30. During its collection communications, Defendants BAPTIST, HOMESTEAD, PARAGON, and HRRG/ARS and their individual debt collectors employed by Defendants violated numerous and multiple provisions of FCCPA, including but not limited to, Florida Statute §559.72, amongst others.

## TRIAL BY JURY

31. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

### COUNT 1
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### VIOLATION OF FDCPA-15 U.S.C. § 1692 et seq.
(against Defendant HRRG/ARS)

32. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of the Defendant HRRG/ARS and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, Sections 1692e(2), 1692e(10), and 1692f(1), of the FDCPA, 15 U.S.C. § 1692 et seq.

34. As a result of the Defendant HRRG/ARS's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant HRRG/ARS for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant HRRG/ARS from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

COUNT 2
VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
FALSELY REPRESENTING AMOUNT OF DEBT
VIOLATION OF FDCPA-15 U.S.C. § 1692e(2)
(against Defendant HRRG/ARS)

35. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

36. Pursuant to Florida Statute §440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…"

37. Futher, pursuant to Florida Statute §440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for services rendered in accordance with this chapter."

38. An employee is shielded from liability arising out of any dispute between the employer/carrier and a health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *Florida Statute §440.13.*

39. Pursuant to 15 U.S.C. §1692e(2), a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt including "the false representation of the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."

40. In the instant case, the Defendant HRRG/ARS mailed the HRRG/ARS Collection Letters to Plaintiff in attempts to collect a consumer debt. Said collection letters, however, causes the least sophisticated consumer to believe that he or she is otherwise responsible for the payment of the consumer debt. According to Florida Statute §440.13, Plaintiff is not responsible or liable for the payment of the medical (physician) services provided by PARAGON at Defendant HOMESTEAD, as such services were provided to the Plaintiff as a result of her work-related injuries.

41. In attempting to collect a debt by mailing the Plaintiff the HRRG/ARS Collection Letters, Defendant HRRG/ARS falsely misrepresented Plaintiff's obligation with respect to the consumer debt. This misrespresentation would wrongfully cause the least sophisticated consumer to falsely believe that he or she is responsible for the payment of such consumer debt.

42. Consequently, Defendant HRRG/ARS violated FDCPA, specifically 15 U.S.C. §1692e(2), by mailing the HRRG Collection Letters to Plaintiff in an attempt to collect a debt.

43. As a result of the Defendant HRRG's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant HRRG/ARS for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant HRRG/ARS from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 3
## FALSE REPRESENTATION IN ATTEMPT TO COLLECT
## VIOLATION OF FDCPA-15 U.S.C. § 1692e(10)
(against Defendant HRRG/ARS)

44. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

45. Pursuant to 15 U.S.C. § 1692e(10), a debt collector cannot use any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. By sending the Plaintiff the HRRG/ARS Collection Letters requesting payment of a bill that it knew or had reason to know Plaintiff did not owe, Defendant HRRG/ARS falsely represented Plaintiff's responsibility to pay said medical bill, which it knew Plaintiff did not owe, in violation of 15 U.S.C. §1692e(10).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant HRRG/ARS for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant HRRG/ARS from engaging in further collection activities that are in violation of FDCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 4
## NOT EXPRESSLY AUTHORIZED OR PERMITTED BY LAW
## VIOLATION OF FDCPA-15 U.S.C. § 1692f(1)
(against Defendant HRRG/ARS)

47. Plaintiff incorporates by reference paragraphs 1 through 31 of this Complaint as though fully stated herein.

48. Pursuant to 15 U.S.C. § 1692f(1), it is a violation of FDCPA for a debt collector to engage in the "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation), unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

49. Since Defendant HRRG/ARS knew that the medical services rendered by Defendant HOMESTEAD were for work injuries sustained during the course and scope of employment, it was unlawful for Defendant HRRG/ARS to attempt to collect the consumer debt under FDCPA. The debt that Defendant HRRG/ARS attempted to collect from Plaintiff was not expressly authorized by the agreement creating the alleged debt nor was it permitted by law, pursuant to 15 U.S.C. § 1692f(1).

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant HRRG/ARS for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant HRRG/ARS from engaging in further collection activities that are in violation of FDCPA; and

d)  Such further relief as this Court deems just and proper.

## COUNT 5

### VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### FLORIDA STATUTE §559.55 et seq. ("FCCPA")
(against Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON)

50. Plaintiff incorporates by reference all of the above paragraphs 1 through 31 of this Complaint as though fully stated herein.

51. The foregoing acts and omissions of the Defendants HRRG/ARS, BAPTIST, and HOMESTEAD, and PARAGON, and its agents constitute violation of the FCCPA including Florida Statute § 559.72.

52. As a result of the Defendants' violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), in each instance from each Defendant herein.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants HRRG/ARS, BAPTIST, HOMESTEAD, and PARAGON for:

a)  Damages;

b)  Attorney fees and costs;

c)  An injunction prohibiting Defendants HRRG/ARS, BAPTIST, HOMESTEAD, and PARAGON from engaging in further collection activities that are in violation of FCCPA; and

d)  Such further relief as this Court deems just and proper.

COUNT 6

VIOLATION OF §559.72(9) OF THE FLORIDA
CONSUMER COLLECTION PRACTICES ACT
(against Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON)

53. Plaintiff incorporates by reference all of the above paragraphs 1 through 31 of this Complaint as though fully stated herein.

54. Pursuant to § 559.72(9) of the FCCPA, while collecting debts, no person shall "claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist."

55. Pursuant to Florida Statute §440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…"

56. Further, pursuant to Florida Statute §440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for servcies rendered in accordance with this chapter."

57. An employee is shielded from liability arising out of any dispute between the employer/carrier and a health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *Florida Statute §440.13*.

58. In the instant case, the Defendant HRRG/ARS knew that the consumer debt resulted from a work accident and resulting injuries sustained by the Plaintiff during the course and scope of his employment. The Defendant HRRG/ARS knew that the Defendants BAPTIST and HOMESTEAD could not collect or receive payment from an injured employee within the State of Florida except explicitly permitted by Florida Statute. Moreover, Defendant HRRG/ARS knew

that the employee/Plaintiff is shielded from liability in any dispute between the employer/carrier and health care provider regarding reimbursement for employee/Plaintiff's authorized medical treatment.

59. Even though Defendant HRRG/ARS was well aware that it had no entitlement or authority to collect the consumer debt from the Plaintiff directly, Defendant HRRG/ARS nonetheless mailed the HRRG/ARS Collection Letters to Plaintiff in an attempt to collect the consumer debt. In light of the foregoing, the Defendant HRRG/ARS violated Florida Statute § 559.72(9) of the FCCPA by mailing said collection letter to the Plaintiff.

60. In the instant case, the Defendants HOMESTEAD and BAPTIST knew that the consumer debt resulted from a work accident and resulting injuries sustained by the Plaintiff during the course and scope of his employment. The Defendants HOMESTEAD and BAPTIST knew it could not collect or receive payment from an injured employee within the State of Florida except explicitly permitted by Florida Statute. Moreover, Defendants HOMESTEAD and BAPTIST knew that the employee/Plaintiff is shielded from liability in any dispute between the employer/carrier and health care provider regarding reimbursement for employee/Plaintiff's authorized medical treatment.

61. Even though Defendants HOMESTEAD and BAPTIST were well aware that it had no entitlement or authority to collect the consumer debt from the Plaintiff directly, Defendants HOMESTEAD and BAPTIST nonetheless mailed the BAPTIST and HOMESTEAD Collection Letters to Plaintiff in an attempt to collect the consumer debt. The BAPTIST and HOMESTEAD Collection Letters stated that the amount listed was Plaintiff's responsibility. In light of the foregoing, Defendants HOMESTEAD and BAPTIST violated Florida Statute § 559.72(9) of the FCCPA by mailing said collection letter to the Plaintiff.

62. Similarly, the Defendant PARAGON knew that the consumer debt resulted from a work accident and resulting injuries sustained by the Plaintiff during the course and scope of her employment as Claimant notified all physicians and HOMESTEAD at time of treatment on June 8, 2021. Defendant PARAGON knew that it could not collect or receive payment from an injured employee within the State of Florida except explicitly permitted by Florida Statute. Moreover, Defendant PARAGON knew that the employee/Plaintiff is shielded from liability in any dispute between the employer/carrier and health care provider regarding reimbursement for employee/Plaintiff's authorized medical treatment.

63. Even though Defendant PARAGON was well aware that it had no entitlement or authority to collect the consumer debt from the Plaintiff directly, it nonetheless mailed the PARAGON Collection Letters to Plaintiff in an attempt to collect the consumer debt. In light of the foregoing, the Defendant PARAGON violated Florida Statute § 559.72(9) of the FCCPA by mailing said collection letter to the Plaintiff.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON from engaging in further collection activities that are in violation of FCCPA; and

d) Such further relief as this Court deems just and proper.

## COUNT 7

## VIOLATION OF 559.72(5) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
(against Defendant PARAGON)

64.  Plaintiff incorporates by reference all of the above paragraphs 1 through 31 of this Complaint as though fully stated herein.

65.  Pursuant to Florida Statute §440.13(2)(a), an injured employee is entitled to "such medically necessary remedial treatment, care, and attendance for such period as the nature of the injury or the process of the recovery may require…"

66.  Further, pursuant to Florida Statute §440.13(13)(a), "[a] health care provider may not collect or receive a fee from an injured employee within this state, except as otherwise provided by this chapter. Such providers have recourse against the employer or carrier for payment for servcies rendered in accordance with this chapter."

67.  An employee is shielded from liability arising out of any dispute between the employer/carrier and a health care provider regarding reimbursement for the employee's authorized medical or psychological treatment. *Florida Statute §440.13*.

68.  Pursuant to § 559.72(5) of the FCCPA, while collecting debts, no person shall "disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false." Florida Statute §559.72(5).

69.  The consumer debt is a result of physician services rendered by Defendant PARAGON at the emergency room of HOMESTEAD on June 8, 2021 to Plaintiff for an accident and injuries sustained by the Plaintiff in the course and scope of employment. Since, at the time of treatment, Plaintiff reported to Defendant HOMESTEAD and PARAGON that the injuries

sustained resulted from a work accident, Defendant PARAGON knew that it could not collect or receive a fee from the injured employee within the State of Florida. Further, Defendant PARAGON knew that the Plaintiff is shielded from liability in any dispute between the employer/carrier and the health care provider regarding reimbursement for the employee's authorized medical treatment.

70. Despite knowledge that it could not lawfully collect a consumer debt from the Plaintiff, Defendant PARAGON proceeded to refer the collection of said consumer debt to Defendant HRRG/ARS. In so doing, Defendant PARAGON knowingly disclosed to Defendant HRRG/ARS information affecting Plaintiff's reputation that the Defendant HRRG/ARS did not have a legitimate business need for and/or the information was false.

71. Consequently, Defendant PARAGON'S actions violated §559.72(5) of the FCCPA when it referred the collection of the consumer debt to Defendant HRRG/ARS for collection.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant PARAGON for:

a) Damages;

b) Attorney fees and costs;

c) An injunction prohibiting Defendant PARAGON from engaging in further collection activities that are in violation of FCCPA; and

d) Such further relief as this Court deems just and proper.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON for:

a) Damages under FDCPA and FCCPA;

b) Reasonable attorney's fees and costs under FDCPA and FCCPA;

c) An injunction prohibiting Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON from engaging in further collection activities that are in violation of FCCPA and FDCPA; and

d) Such further relief as this Court deems just and proper.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants HRRG/ARS, HOMESTEAD, BAPTIST, and PARAGON.

Dated: November 9, 2022

Respectfully submitted,

/s/ Monica Amor_____
AMOR LAW FIRM, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
3625 NW 82nd Avenue, Suite 203
Doral, Florida 33166
Telephone: (305) 882-2667
Facsimile: (888) 311-2667
Attorney for Plaintiff