UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

ADISLEN PAZ DEL SOL,

          Plaintiff,

Case No.: 1:22-cv-23684-JAL

v.

HOMESTEAD HOSPITAL, INC.,
BAPTIST HEALTH SOUTH FLORIDA,
INC., PARAGON CONTRACTING
SERVICES, LLC, D/B/A TEAMHEALTH
FLORIDA, HEALTHCARE REVENUE
RECOVERY GROUP, LLC D/B/A HRRG,
ARS ACCOUNT RESOLUTION
SERVICES,

          Defendants.
_____/

**DEFENDANT, HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A HRRG ARS ACCOUNT RESOLUTION SERVICES' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

COMES NOW, the Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A HRRG, ARS ACCOUNT RESOLUTION SERVICES ("Defendant ARS"), by and through its undersigned counsel, and hereby files its Answer and Affirmative Defenses to Plaintiff's Complaint and herein states as follows:

**INTRODUCTION**

1. Admitted for the purposes of claims identification only; Defendant denies any allegation of violation of the FDCPA and/or FCCPA and demands strict proof thereof.

2. Admitted for the purposes of claims identification only; Defendant denies any allegation of violation of the FDCPA and/or FCCPA and demands strict proof thereof.

**JURISDICTION**

3. Admitted for purposes of venue and jurisdiction only; otherwise denied.

4. Admitted for purposes of venue and jurisdiction only; otherwise denied.

5. Admitted for purposes of venue only; otherwise denied.

## PARTIES

6. Admitted for purposes of venue and jurisdiction only; otherwise denied.

7. Admitted for purposes of venue and jurisdiction only; otherwise denied.

8. Admitted for purposes of venue and jurisdiction only; otherwise denied.

9. Admitted for purposes of venue and jurisdiction only; otherwise denied.

10. Admitted for purposes of venue and jurisdiction only; otherwise denied.

11. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

12. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

13. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a

Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

14. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

15. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

16. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

17. Unknown at this time; therefore denied.

18. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

19. Unknown at this time; therefore denied.

20. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

21. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

22. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly,

or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

23. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS are for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

24. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

25. Admitted to the extent that Exhibit D purports to be correspondence from the Defendant ARS to the Plaintiff. Otherwise, denied.

26. Admitted to the extent that Exhibit E purports to be correspondence from Defendant ARS to Plaintiff. Otherwise, denied.

27. Admitted to the extent that Defendant ARS sent the required Model Validation Notice to Plaintiff in compliance with Regulation F and 1692g. Otherwise, denied.

28. Admitted to the extent that Defendant ARS sent the required Model Validation Notice to the Plaintiff in compliance with Regulation F and 1692g. Otherwise, denied.

29. Denied. Defendant demands strict proof thereof.

30. Denied. Defendant demands strict proof thereof.

## DEMAND FOR JURY TRIAL

31. Defendant requests trial by jury as to any issues remaining after the consideration of dispositive motions.

## COUNT I- FDCPA
## HRRG/ARS

32. Defendant re-alleges its response to paragraphs 1 through 31 above as if fully stated herein.

33. Denied; Defendant demands strict proof thereof.

34. Denied; Defendant demands strict proof thereof.

## COUNT II- FDCPA
## HRRG/ARS

35. Defendant re-alleges its response to paragraphs 1 through 34 above as if fully stated herein.

36. Denied; Defendant demands strict proof thereof.

37. Denied; Defendant demands strict proof thereof.

38. Denied; Defendant demands strict proof thereof.

39. Denied; Defendant demands strict proof thereof.

40. Denied; Defendant demands strict proof thereof.

41. Denied; Defendant demands strict proof thereof.

42. Denied; Defendant demands strict proof thereof.

43. Denied; Defendant demands strict proof thereof.

**COUNT III- FDCPA**
**HRRG/ARS**

44. Defendant re-alleges its response to paragraphs 1 through 43 above as if fully stated herein.

45. Denied; Defendant demands strict proof thereof.

46. Denied; Defendant demands strict proof thereof.

**COUNT IV- FDCPA**
**HRRG/ARS**

47. Defendant re-alleges its response to paragraphs 1 through 46 above as if fully stated herein.

48. Denied; Defendant demands strict proof thereof.

49. Denied; Defendant demands strict proof thereof.

**COUNT V- FCCPA**
**HRRG/ARS, HOMESTEAD, BAPTIST, PARAGON**

50. Defendant re-alleges its response to paragraphs 1 through 49 above as if fully stated herein.

51. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

52. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the

factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

## COUNT VI- FCCPA
## HRRG/ARS, HOMESTEAD, BAPTIST, PARAGON

53. Defendant re-alleges its response to paragraphs 1 through 52 above as if fully stated herein.

54. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

55. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

56. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of

alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

57. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

58. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

59. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

60. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the

factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

61. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

62. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

63. Denied as to Defendant HRRG/ARS. To the extent that the factual allegations in this paragraph are asserted against a Defendant other than Defendant ARS, then Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

## COUNT VII- FDCPA
## PARAGON

64. Defendant re-alleges its response to paragraphs 1 through 63 above as if fully stated herein.

65. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

66. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

67. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

68. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either

admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

69. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

70. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

71. The factual allegations in this paragraph are asserted solely against a Defendant other than Defendant ARS and therefore Defendant ARS lacks sufficient knowledge to either admit or deny the allegations. However, to the extent that the factual allegations asserted against a Defendant other than Defendant ARS is for the purpose of alleging liability, directly, indirectly, or vicariously against Defendant ARS, the allegations are denied; Defendant demands strict proof thereof.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

Defendant affirmatively alleges that Defendant is not liable for the alleged actions or inactions of other third parties, and/or any of their employees, agents, or principals.

**Second Affirmative Defense**

Defendant affirmatively alleges Plaintiff's First Amended Complaint fails to state a cause of action against this Defendant upon which relief may be granted.

**Third Affirmative Defense**

Defendant affirmatively alleges that Plaintiff's claims for actual damages are not actionable since the alleged damages are speculative and are not the proximate cause of any action or inaction of the Defendant.

**Fourth Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed two (2) years from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under Section 559.77 *Fla. Stat.*, namely, Florida's Consumer Collection Practices Act ("FCCPA").

**Fifth Affirmative Defense**

Defendant affirmatively alleges that it lacks the requisite actual knowledge under Section 559.72(9) *Fla. Stat.*

**Sixth Affirmative Defense**

Defendant affirmatively states that if the debt is judicially determined to be a debt incurred during the course and scope of the Defendant's employment and occurred as a business-related

debt claimed due by the employer, then Defendant is not liable to Plaintiff under the FDCPA as the debt would not be a "consumer debt" as that term is defined by the FDCPA.

**Seventh Affirmative Defense**

While Defendant denies that Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damaged, then Defendant alleges such damage was not caused by Defendant but was proximately caused or contributed to by the conduct of others for whom Defendant is not responsible or liable.

**Eighth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Section 55.77 of Florida's Consumer Collection Practices Act (FCCPA), because such actions or inactions, if they occurred were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

**Ninth Affirmative Defense**

Plaintiff is not entitled to recover any damages, or any recovery awarded should be reduced by the amount of damages which reasonably could have been avoided, because Plaintiff failed to take reasonable steps to mitigate damages with respect to the matters alleged in the Complaint.

**Tenth Affirmative Defense**

Defendant affirmatively alleges that the alleged actions of the Defendant and its agents and employees are protected by the "*bona fide* error" defense pursuant to Section 1692k of Fair Debt Collection Practices Act ("FDCPA"), because such actions or inactions, if they occurred were not intentional and resulted from a *bona fide* error notwithstanding the Defendant's maintenance of procedures reasonably adapted to avoid such errors.

**Eleventh Affirmative Defense**

Defendant affirmatively alleges that to the extent that any allegations exceed one (1) year from the date of filing the Complaint, such claims or allegations are barred by the statute of limitations under Section 1692k, namely, the Fair Debt Collection Practices Act ("FDCPA").

WHEREFORE, Defendant, HEALTHCARE REVENUE RECOVERY GROUP, LLC D/B/A HRRG ARS ACCOUNT RESOLUTION SERVICES, requests that this Court dismiss Plaintiff's Complaint at Plaintiff's cost, and that Defendant be awarded reasonable attorneys' fees and costs as provided for under applicable law.

Dated this **6th** day of **December, 2022.**

Respectfully submitted,

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing has been electronically filed on **December 6, 2022,** via the Court Clerk's CM/ECF system which will provide notice to the following: Monica Amor, Esquire of Amor Law Firm, P.A. at *mamor@amorlaw.com*.

*/s/ Ernest H. Kohlmyer, III*
Ernest H. Kohlmyer, III, Esq., LL.M.
Florida Bar No.: 0110108
*SKohlmyer@Shepardfirm.com*
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Parkway, Suite 100
Maitland, FL  32751
Phone: (407) 622-1772
Fax: (407) 622-1884
*Attorneys for Defendant Healthcare Revenue Recovery Group, LLC d/b/a ARS Account Resolution Services*